The Honorable, the judges of the United States Court of Appeals for the Fourth Circuit. Our third case of the day is number 19-443, Enri Torrence. Mr. Vondrant? Yes, sir. Good morning, Judge King. Good morning, your honors, and may it please the court, my name is Enri Vondrant, I'm here. My name is Joel Vondrant and I'm here this morning on behalf of the movement, Mr. Torrence, and the question presented in this proceeding is whether the recent 2254 petition that Mr. Torrence submitted to the court in November of last year is a second and successive petition such that he needs permission from the court to file it. We submit that under the governing analysis, which considers whether or not Mr. Torrence has engaged in abuse of the writ, yields the conclusion that Mr. Torrence has not, in fact, been abusive of the writ and does not need permission, and this is not a second or successive petition. Mr. Torrence was initially convicted- Correct. Did you actually file this petition that you claim to be a, not successive, but another continuation of the original first petition in the district court? I did not. No, I was appointed as counsel once it got to the Fourth Circuit and I was not involved in any way in any of the lower court proceedings and I don't know that it's been filed in the district court currently. Well, the reason why I ask that is I'm kind of puzzled with this case because the basis of your position, as you point out in your brief, is for us, for our jurisdiction, is 28 U.S.C. 2244, which, as you candidly point out, deals with successive petitions, which and of course you claim that this is not a successive petition and you may well be correct given all the steps that your client took to try to preserve the claim in the district court the first time that his other claims were being considered, but it's just not clear to me what jurisdiction we have to consider this claim or rule on this issue if the district court has not been given an opportunity to give a thumbs up or thumbs down to your claim that this is, in fact, a first petition so it doesn't require authorization from the circuit court. So what's your response to that? Well, your Honor, that's an interesting question that I had not considered. I think that the, you know, obviously Mr. Torrance filed this request for authorization as a pro se matter initially. I don't think at the time that he filed it he realized that he had what I believe is a strong argument that it's not a second or successive petition and, you know, I think there's a case law in other jurisdictions where, you know, the court, you know, I guess I'll answer it this way. I don't know, since the court has jurisdiction to consider this issue of 2244, there's necessarily sort of a gatekeeping question of whether, in fact, it is subject to 2244 and I don't know how we ever make that determination without assuming jurisdiction over the case for purposes of making that determination and the other cases that have been... Well, you have sort of a way to do it, I would think, is you would file the petition in the district court, obtain a ruling from the district court, yes, it is an initial petition, a proper first petition, in which case there's no need to appeal and the petition is considered on the merits, depending on what the government says in response, or if the district court rules against your client, then at that point it seems proper to come up on appeal to our court, but, you know, as it stands right now, we're essentially, I think, being asked to give an advisory opinion as to an issue that has not yet been fully joined because no one has said, no district court has told you or your client that you can't file this petition. Right, yeah, and I certainly understand the issue and I appreciate the question and it's, you know, again, I think the answer is that the 2244, this court has to pass on the question, I think, of whether it's a second or successive, in other words, I don't know that there's any necessary... Well, we have to, we do, we have to pass on the question of whether it's second or successive if someone tells us that it is, because in the typical case, the petitioner is seeking permission for us to file a second, for him or her to file a second petition, but this is a very strange case because you're saying this is not a successive petition and you're asking us to opine on that, and what I think is a very odd procedural posture, but I think, I mean, I've expressed my concern and we'll just go on and move on, but I hope you understand what the concern is that I have. Mr. Bondrod, this is Judge King, you're asking for permission, would it be fair to say, if you need it, and if you don't need it, you'll leave it to us to say so. Yes, Judge King, I think that's another way of explaining... And you'll go to the district court. If we say what you want us to say, and this is a position, I think a legal position that you as a council, that we appointed, you were appointed by the Fourth Circuit Court of Appeals, and you say he doesn't need any permission, he can go to the district court. If we agree with you on that, and the other, the government doesn't agree, as I understand it, if we agree with you on that, you're going to go to the district court. If you do that, are you going to go with him? Who's going to represent him then? Is he going to be pro se again? Judge King, I believe that he's going to, in all likelihood, be pro se again, or may get appointed council at that level. I had not planned it at that point. You're only appointed for the purposes of this proceeding, correct? Yes, sir. Yes, sir. And so you've taken the position as his lawyer, I assume, and you got him to go along with it, or advise him of it or something, after you got appointed, that the circumstances of this proceeding are such that he does not need permission to file this proceeding, because it's neither second nor successive. Right. Okay. I didn't mean to interrupt you. No, that's okay. It's a good question, and I appreciate the clarification, but that is, in essence, the argument. I'm not saying I'm right. I'm just saying that was my perception of it, after I've looked at what we have before us here. Right. Yes. And you're right. I mean, in terms of your perception of what the argument is, and the presentation, and the issue, and of course, as you noted, I was appointed just in the appeal process, when he presented his pro se petition to the court, seeking the authorization. Like I said, I don't think, at the time, he had any idea that he might not need it. I thought that he thought he was going to need it under 2244, and the Office of Staff Counsel likely reviewed it, and thought there was something there, and he filed it in the Fourth Circuit, a pro se, and the Fourth Circuit appointed you, and you filed some papers for him, and filed briefs, and we set it for argument, and it's up here. Yes, sir. That's exactly what happened. Yes, sir. And if we rule the way you want us to, he can go back to the district court, or go to the district court, and show him whatever papers he gets out of the Fourth Circuit to go with his petition, I guess. Yes, sir. Mr. Baumgartner, I don't want to be a dead horse here, but one of the first things we need to consider is our jurisdiction, and the statute, 2244, V3C, I think it is, says that the court may authorize the filing of a second or successive application, only if it makes the required determinations. It doesn't say anything about a court being asked to opine on whether or not a petition is successive in the first instance, and that's the concern that I have. Now, we have on occasion indicated when a petitioner files a motion for permission, we have, I guess, on some occasions said that if a petition is pending down in the district court, he doesn't need permission, because the petition is pending in the district court. Maybe this is just an offshoot of that, but in any event, go ahead, we spent enough time on this. I want to follow up on that, too, though. I'm with you, Judge Diaz, and I'm not too. We spent enough time on it, but I do think that in line with what Judge King is saying and your jurisdictional concern, essentially the remedy that's being asked, it seems to me, is to simply dismiss this as unnecessary, which you dismiss when you don't have jurisdiction, and so I think ultimately that would be what would be asked for here, because if I recall, there was a petition that was filed in district court in 2019, but there was no ruling by the district court because you filed this 2244 motion here with the 4th Circuit, and so when we get something we don't have jurisdiction over, whether for whatever reason, if it's And that gives you leave to go and, in particular, dismiss it as unnecessary. It seems to me that I have been involved in proceedings such as this, in which we have done just what Judge Wynn mentioned, and there's got to be records of them in the 4th Circuit, and maybe even had them as a single judge. But anyway, I've been involved in proceedings like this. Yes, sir, Judge King, and to follow up on the points your honors are raising, you know, if you look at the way the primary case we rely on, the Martinez case, if you look at the way it's analyzed, what the court ultimately ends up saying is that this is not really multiple petitions. This is really all one petition that had multiple claims, and he's entitled to an adjudication of every claim, and to get back to Judge Wynn's point, this claim was filed. Originally in 2005, as part of the initial petition, and was then subsequently dismissed because it had not been exhausted, and so nothing has been filed in 2019 in the District Court that I'm aware of, but there is the original. The only thing that's been filed in the District Court is the 2005, correct? Yes, that's correct. I'm getting back to your papers now. In 2005, he filed it, and then it was dismissed with a request after you asked for a stay, he did, a stay in abeyance, and that was denied, so he dismissed count 11, and count 11 had not been exhausted, and now he's exhausted 11, and that's why it's back up, and that's over with. He says, and he says he's going to litigate it again, but there was something filed. It was dismissed in 2018, or he finished exhausting in 2018, and he filed this petition, I guess it is, in 2019, but he filed it in the Court of Appeal. That's the point that Judge Dioz is making. He may have filed it in Oregon Court, I don't know, but he doesn't have to, if he wants to get, but we're the only one that can rule on whether it's second and successive, and if it is second and successive, we've got to give him permission. I believe that's correct, and if it's not second and successive, I believe you do something along the lines of what Judge Wynn suggested, or perhaps even what Judge Dioz was suggesting, which is you say, it's not second and successive, therefore we don't have jurisdiction, and he doesn't need the authorization, but he's entitled to an adjudication of the claim that was properly filed back in 2005 under ... Then you're going to go back to the district court, and you're going to have to probably litigate whether there's a statute of limitations that was told or something, but anyway, that's another matter. Yeah, I anticipate that's probably going to be an issue, and in fact, the government raised it, and it's ... That's one of the reasons I was asking you if you were going to stick with him. I mean, maybe you may have a lawyer obligation to stick with this fellow. Yeah, that's certainly something I can discuss with him and with the court and do whatever needs to be done, certainly, and yeah, I heard a sound in my ear, I don't know if that's getting my time up or not, but that's ... If that's your time's up, we sure took it all for you. That's all right. That's what I'm here for, to answer questions. Madam clerk, does he have some more time? He has seven minutes for rebuttal, sorry. You want to take ... I'll give you a couple more minutes there. Go ahead. I'll take it upon myself to give you two more minutes, Mr. Bondi.       Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you. Thank you, Judge King. I won't take too much time. I can see that, certainly, the jurisdictional issue is the one that the court's grappling with. I think that I presented the substantive arguments as well as I can in my brief, and I think the court very well astute on what those are. I don't think that there's any abuse of the writ. Mr. Torrence did everything he could to try to streamline the proceedings and keep it all in a single habeas proceeding, so there's really no way to argue there's an abuse of the writ. The only way I think that he might encounter difficulties is if he steps in some type of procedural snare like the jurisdictional problem that, potential jurisdictional problem we've been discussing, but I just don't believe it's really a problem that needs to hold the court back. The court, if we take it outside the context of where we are now and just think of a subject matter jurisdiction motion, for example, the court has to make a ruling on subject matter jurisdiction even if it ultimately concludes there is no subject matter jurisdiction. It has to sort of step forth its analysis on why and issue a ruling like that, and this would be very ... Mr. Bondurant, can I ask a question finally on the merits? Can you think of any other way that your client could have preserved this issue, I mean, other than what he attempted to do in this case? I don't think so, Judge Deeb. If you look at the way it played out, the allegation is that the Department of Probation and Parole changed his eligibility status in June of 2004. He almost immediately thereafter started his ALJ proceedings in the state court, and within several months started a state PCR proceeding, and within a week of that, the 2005 federal PCR application that we've been discussing, he flagged everything at that time in terms of the exhaustion requirement and the pending proceedings in state court to meet that exhaustion requirement. He asked for a stay of the proceedings, which I think, frankly, probably should have been granted under the Ron Z. Weber case, but there's no indication that that was considered, but it probably should have been granted, and then we wouldn't have this problem before us today, but I think we did everything we could to preserve it. He could have done ... He could have tried to repeal the denial of that stay in abeyance. Well, yeah. There was an appeal, and I don't know that that issue was raised, but you're right. Well, he asked for a stay in abeyance as to that count, 11, and it was denied for some reason, and he left it like that. He didn't make an effort to appeal. Now, whether he could have done anything on appeal, I don't know, but he didn't try to appeal. I certainly agree with that, Judge. I would just fall back on the governing analysis, really, which is, is that enough for us to say he's abusing the writ, because that's the real question we've got to answer on whether or not this is second or successive, and whether it needs authorization, is if he's abusing the writ. I don't think we can simply say, based on that fact alone, that maybe he could have appealed that procedural ruling on the stay is enough to say he's abusing the writ. I mean, I think if we look at it objectively, he did, with the exception of maybe taking an appeal, he did everything he could to streamline that proceeding and keep it as a single federal PCR proceeding, and I just don't, again, under the governing analysis, just don't see how anybody could objectively say that he abused the writ, but that is, the fact that you brought up there about the appeal, I guess that is, could be something on the scale against him, perhaps. Well, maybe I find an idea here with the state lawyer, but if your time's up, we'll see what he has to say about it, and then you have some rebuttal time, right? Yes, sir. Thank you. Thank you, Mr. Bondurant. Yes, sir. Thank you. Now, I've lost my place here, counsel, you're going to have to get going on your own, let me see. Mr. Buchanan. Yes, your honors. Judge King, your honors, may it please the court, Matthew Buchanan with... Mr. Buchanan. I beg your pardon? No, your counsel for, who do you represent? Identify yourself. Okay, yes, I'm Matthew Buchanan, I'm general counsel with the Department of Probation, Parole, and Pardon Services in South Carolina, representing the state. All right. And he's, Mr. Torch is a South Carolina prisoner. I'm with you. Yes. All right, well, to begin with, I certainly acknowledge the fact that there's this jurisdictional question, but it's the state's position that this is second and successive. This clearly then falls under 28 U.S.C. 2244, certainly be one where a claim is presented that was presented in a prior application shall be dismissed. The language is very solid, there's no discretion. Does not have to say that the case was ruled upon, or the matter was ruled upon, it just says it was presented, which, in fact, it was. Yes, then it was dismissed. We would say that, yeah, there certainly was that, as Judge Diaz pointed out, could have been appealed, that was not. I think it's a big assumption that to say that they simply withdrew the case, that particular claim, Claim 11, because they had no other choice. That's not really supported by the record. It could have been an attorney decision because the attorney recognized that it was meritless. I thought it was pro se. I thought it was pro se. Well, yeah, it was raised pro se. It was included in a pro se appeal, but then he was represented by counsel. He was appointed counsel, and then that counsel later on dropped that particular claim. Obviously it was not right yet, but we could also just as easily assume that it was not. It had not been exhausted. Correct. It had not been exhausted. And he asked for a stay and abeyance, which the Supreme Court case says that's the way he's supposed to do it. And then he decided to proceed on the other 10 counts and set that one aside and dismiss it. Correct. Now he wants to come back and you say that's second and successive. And Mr. Bondron says it's not second and successive. So that issue is joined here. Now if we disagree with you, do we just dismiss it or what do we do? Well, if you disagree, then I'm assuming that he will eventually try and file that claim in the district court. But particularly for judicial economy, I think it's appropriate to rule upon whether or not it is second or successive now. Because obviously if it is second or successive, then you might as well rule that it's a prior presented claim and therefore should be dismissed. Well, if it's not second and successive, he needs to get the Court of Appeals to say so. He has to under the statute, doesn't he? Correct. Okay. So if he can get the Court of Appeals to say that it's not second and successive, then he can do as Mr. Bondron says, he can go to the district court and proceed. And then you can litigate there with him on whatever issues you want to raise. That's correct. Now the issue though, because certainly Mr. Bondron is leaning hard on the abuse of the but as we've seen in McCleskey v. Zant, those fall under equity principles. So he's got to come to this with clean hands. Isn't that the standard for determining that it's second and successive issue? Precisely. And that's part of the point that I made in my brief is that he is actually arguing something counter to what he argued at the sentencing court because he argued that during sentencing at the trial court, he argued that he was not parole eligible. You're getting into sentencing and that's not in this record. There was a supplemental... This record, all we got here is a petition. I believe that I offered a supplemental record that points out in the Muvins pretrial brief, page 104 and 105 in our reply attachment number two. That was because he was facing a death penalty trial during sentencing. He or his attorney argued that he was not parole eligible and the jury should be told that. And then the judge erred, ruled that he was parole eligible and did not present that fact to the jury. Now it ended up being a harmless error because the judge erred when he did that because that was contrary to statute. And we can know that this was an error because his co-defendant, who also happened to be his brother, was in fact sentenced to death. And then that sentencing was overturned in State v. Torrance because the judge erred and ruled that he was parole eligible. So here we are. Now he's trying to take advantage of that judge's error by saying he was parole eligible when in fact the statute clearly states that he was not parole eligible and that was the ruling of the Department of Probation, Parole and Pardon Services back in... Mr. Buchanan, that sounds like a merits argument though, not relevant to the question of whether or not this is in fact successive. Right. I submit though that this goes towards the clean hands of the equity principles of the abuse of the writ. That's why I submit that this is relevant. Do you have anything else, Mr. Buchanan? Well, I beg the court's indulgence. I believe, ultimately, I think I'll go ahead and I'll sum up if there's no additional questions by saying that... I do want to ask you a question about something. Oh, sure. To contradict a fact that seems clear on the record, and that is whether or not this petitioner actually requested a stay in the District of Columbia during his first go-around on his initial petition, you seem to suggest in your brief that he didn't, but he clearly did. So I'm not sure what you're getting at. Maybe you can explain that. I might have inartfully talked about him not appealing that stay, but I certainly acknowledge the fact that he did in fact try to appeal... He preserved the issue that he made a record. He asked for a stay and abeyance, and it was denied. Yes, that's my understanding. And he did not seek to appeal. Now, whether he had a right to try to appeal that, I don't know. But you said, and I agree with you, he didn't try to appeal. Whether that makes any difference here, I don't know. Well, I think that kind of goes along with the argument that the... I think it's an assumption to make that the case was simply just abandoned because he didn't have any other choice. I mean, I think it also very well could have been withdrawn partly on the merits so that they didn't tie up the remaining rights. In fact, he said that he was pursuing the issue raised in Count 11 in the administrative law court in South Carolina, and he gave the file number. And he was pursuing it in a state court in South Carolina, and he identified that with the file number. So he was pursuing it in an effort to exhaust the Count 11 claim. And he finally, according to my recollection, is that that exhaustion wasn't consummated until 2018. And that's resulted in these proceedings that we have here now where he wants to come back with what was Count 11. And you say it's a second and successive petition, and Mr. Bondurant says it's not. And that's the issue that we're faced with. That's the only issue we're faced with that I can see. Correct. Is it a second and successive? And I would submit that it is, in fact, second and successive. We do have some evidence to show that this was not purely a clean-hands equity abuse of the writ simply because he's arguing something that he countered to what he argued at his original trial. And the statute is... You're going back to the trial on the criminal offenses that put him in penitentiary down there, right? He was among hands on this second and successive thing. Right, because he is now arguing something counter to what he was arguing before the trial court and is trying to take advantage of a very clear error of the judge in saying that he was parole-eligible when, in fact, he was not. The statute 2421-640 is very, very clear, stating that parole is not authorized nor shall parole be given to someone serving a second or subsequent office. You want us to get into the merits, and Mr Bondurant says we can't get into the merits. We've got to decide whether this is second and successive. Judge King, I apologize. It looks like Mr Bondurant has dropped off the call, so I'm going to go ahead and pause and add him back. Yeah, sorry. OK, he's back here with us. Mr Bondurant, welcome back. Mr Buchanan, go ahead. All right, thank you very much. So you're asking that it seems like I'm going into the merits, and I'm only pointing out these things for the context of the abuse of the writ matter as well as the assumption that the Count 11 was withdrawn solely because it was still pending in the state court. That's an assumption. That is not something that we know for sure, and it could have been a tactical decision by the attorney who was appointed withdrawing it because it was meritless. So that's something that we don't know. It's not supported in the record or why that attorney came to that decision to withdraw rather than appeal the denial of the stay. So therefore, we would submit that this is a second or successive argument or, I'm sorry, a second or successive petition and the abuse of the writ principles do not apply regarding the argument that it is simply a continuation of the existing petition. Very good. All right. Thank you very much. Judge Wynn, Judge Diaz, y'all have further questions? No. I do not. Thank you. Is Mr. Bondurant? Yes, sir, Your Honor. Thank you. I've really just got two quick points I want to make in conclusion and certainly for you to entertain any questions. The first is this notion of why Claim 11 was abandoned. I think it's fairly strongly stated at page 74 of the Joint Appendix, which is the court's order in footnote 1. It says, at the time the R&R was issued, the petitioner was in the process of pursuing an appeal of a decision of the probation, as well as a second PCR, which was pending before the Court of Common Pleas, etc. So even the court order that dealt with this back in 2005 acknowledges that the reason that that count was abandoned was because of exhaustion concerns and the fact that it wasn't exhausted. So I just wanted to note that the record does contain evidence that that was the real reason for the claim not being pursued at that time. The second point that I really want to make is to return to this notion of jurisdiction, because that's obviously a very heavy concern on the court's mind. But I think that the way it works, if you, I'll just use the word craft, but take it in the spirit in which it's meant, I think the way that the opinion would be crafted would be if the court thinks there's no jurisdiction, is to say, you know, movement has sought authorization under 2244. We don't think that this is second or successive under these authorities, these Supreme Court authorities, and that he doesn't need the authorization is entitled to adjudication of all claims raised in the original petition as stated in the Martinez case. Therefore, since this is not a second or successive petition, we dismiss the case for lack of jurisdiction. I mean, I think there are multiple ways to get to the end result of ruling on the case, but, you know, it's not at all uncommon for courts to have to rule on those types of arguments in all types of circumstances where their subject matter jurisdiction is raised is that issue. They have to sort of make the preliminary determinations on whether they are or not within the subject matter jurisdiction, and if they're not in this case, I think that very analysis carries with it this notion of, you know, whether or not he's entitled to have the adjudication, because that's the whole point of saying that it's not second or successive. So I don't think that the jurisdictional issue, while I certainly understand, you know, the court's concern and the court's insistence on, you know, protecting its own jurisdiction and raising proper jurisdictional issues, I just don't think that that's an impediment to ruling on these issues, these arguments that have been presented. So, with that said, that's all I've got. Mr. Bondurant, can I ask you a question related to your colleague's arguments dealing with what Mr. Torrance may or may not have said at the penalty phase of his trial? He has a response, but his argument is that, well, it's not really a merits argument because the whole basis for your asking us or asking the district court to entertain the petition is not a piece of the case for all the reasons he explained in the argument, but that we should, in fact, consider the... So I'd like you to respond to this issue of whether or not we should consider that information, and if so, whether you have any factual rebuttal or just think that it's just premature at this point. Yes, sir, Judge Giaz, thank you. I do think that it's factually premature at this point, but I don't want to stand on that ground alone. I just don't know that the abuse of the writ doctrine or the analysis is that sweeping in terms of all the equitable concerns of all time being brought within it. I think if we look at, like, page 17 of my brief, for example, I've got a block quote from Sanders v. United States, which is a U.S. Supreme Court case, which talks about the types of things we're looking at when we talk about abuse of the writ in this context. And what we're talking about generally is people doing things, petitioners doing things that are sort of intended to undermine the streamlining of the process. I mean, of course, that's what the whole Effective Death Penalty Act was about, was trying to give effect to state court judgments because PCR petitioners were dragging these things on indefinitely by doing, you know, they filed one claim, and when it was denied, filed another claim. So the whole point of ECA was to force them to bring them all in a single proceeding. That's the abuse of the writ that the statute was meant to address, and that's when you read the case law, what the cases say in terms of how you do the analysis and what it's meant to remedy. So I don't think that there's any, and I don't know of any authority that says that any and every equitable concern however couched might be relevant to this analysis. I just think it's a question of, you know, was this guy abusing the writ, or was he not? And I think under the applicable analysis, he plainly wasn't because he was trying everything within his power to actually streamline the proceedings, to keep it all in a single proceeding, and that's what the abuse of the writ is concerned with, not just general equity in some ubiquitous sense. Okay. Thank you. Yes, sir. Mr. Bondurant, I want to tell you we appreciate your efforts as court appointed counsel, and we need lawyers like you that will come in and do this. We appreciate it very much, and this case will be taken under advisement. And Madam Clerk, we will take another break, and then we'll go to the last case.
judges: Robert B. King, James A. Wynn Jr., Albert Diaz